IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CORY GEASON, | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 5:23-cv-1-JKP-RBF |
| 3M COMPANY, | § | |
|     *Defendant*. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Cory Geason, hereinafter referred to as Plaintiff or "Geason", complaining of and about 3M Company, hereinafter referred to as Defendant or "3M" and for cause of action files this his Plaintiff's Amended Complaint, showing to the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties to this case. Title 42, United States Code, Section 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 3M conducted business in Bexar County and removed Plaintiff's Original Petition from Bexar County and therefore venue properly lies in the Western District of Texas.

## JURY DEMAND

2.     Plaintiff has requested trial by jury.

## AGENCY

3.     Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant and was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## FACTS

4.     This case is founded upon Defendant's violations of 42 U.S.C. 1981, as evidenced by the following acts of Race Discrimination. Geason is African American and the member of a protected class. In October 2019, 3M purchased Acelity, Inc., formerly known as Kinetic Concepts, Inc. and the over 4 thousand employees working in the wound care medical technology arena. In 2021, Geason was recognized as the Number 2 Acute Manager in the country. During his 9 and ½ years with KCI/3M Geason received several accolades and awards for his meritorious service with Defendant.

5.     On August 30, 2022, Geason was terminated for what can only be characterized as Racial Discrimination. During a national separation call, Angie Volk, 3M's US National Sales Leader, revealed that 3M was reducing its "head count" with Post-Acute as the primary focus for separation. Geason's sales management position was in the Acute Division. Volk shared in the announcement that she would rely heavily on her Regional

Sales Leaders to identify eligible candidates. Megan McGuire, white and not a member of a protected class, was the Regional Sales Leader over Plaintiff. McGuire acknowledged that 2021 was an incredible year for Plaintiff and Geason's Rating was Exceptional Performance. Her Employee Evaluation was proof positive of the value Geason brought to 3M. McGuire ignored Geason's experience, performance awards and acute care expertise in designating Plaintiff for termination. McGuire chose to treat Stephanie Gonzalez, not a member of Plaintiff's protected class and a comparator to Geason, more favorably than Plaintiff. Gonzalez was a manager in the Post-Acute Division, the primary focus for separation. Geason had experience managing Acute (in the hospital wound care) and Post-Acute (out of the hospital wound care). Gonzalez had only 3 years as a RSM (Regional Sales Manager) and no experience selling the Acute Product Portfolio. 3M made repeated efforts to get Geason to sign a General Release of All Claims. 3M falsely claimed that Geason's sales management position was eliminated. In truth and in fact, Geason was terminated and Stephanie Gonzalez was given Plaintiff's management position. The language in 3M's Eligible Employee List reveals the Discrimination visited upon Geason. "Where multiple employees held similar positions, selection was based on an assessment of the skills/abilities to do the remaining and future work." Geason objectively possessed greater skills and abilities to do the remaining and future work than Gonzalez and at least 13 other management personnel retained by 3M. Plaintiff should never have been terminated and he refused to release his statutory claim for discrimination based upon race.

6.     This Court has jurisdiction over the subject matter and the parties to this case. Title 42, United States Code, Section 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce

3

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Title 42, United States Code, Section 1981 establishes an independent cause of action against private, non-governmental actors like 3M for race discrimination.

## DAMAGES

7. By reason of Defendant's acts and conduct, as herein alleged, Plaintiff has been damaged as follows:

    a.) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under 42 U.S.C. 1981.

    b.) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

    c.) Attorney's fees pursuant to applicable statutes.

    d.) Punitive damages for Defendant engaging in unlawful intentional employment practices and engaging in discriminatory practices with reckless indifference to the protected rights of an aggrieved individual, Cory Geason. Said conduct also amounts to a conscious indifference to the rights and welfare of Geason. Plaintiff also seeks punitive damages under his claims for violation of Section 1981 of the Civil Rights Act of 1866.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause, Plaintiff has and recovers of and from the Defendant actual damages and punitive damages in a sum within the jurisdictional limits of this Court, pre-and post-judgment interest as allowed by law, attorney's fees, costs of Court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

__/s/ *Dennis L. Richard*____
Dennis L. Richard
SBN: 16842600
**LAW OFFICE OF DENNIS L. RICHARD**
14255 Blanco Road
San Antonio, TX 78216
Telephone: (210) 308-6600
Telecopier: (210) 308-6939
dennislrichardlaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 23, 2023, a copy of the foregoing document was served on all attorneys of record in this cause as follows:

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Tiffany Cox Stacy
Texas Bar No. 24050734
tiffany.cox@ogletree.com
Rebecca A. Magee
Texas Bar No. 24074633
rebecca.magee@ogletree.com

5

112 East Pecan Street, Suite 2700
San Antonio, TX 78205
Telephone: (210) 354-1300